## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2307 | **DATE** | 3/14/2013 |
| **CASE TITLE** | W.C. Motor Co., Inc. vs. Rebecca Talley | | |

**DOCKET ENTRY TEXT**

Petitioner's Motion to Stay [Dkt. # 27] is granted. Respondent's motion for sanctions [Dkt. # 14] and her motion to strike and dismiss [Dkt. 15] are denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is a motion to stay filed by petitioner West County Motor Company, Inc. ("WCM"). WCM asks that we stay this case until the Supreme Court issues a ruling in *Oxford Health Plans LLC v. Sutter,* No. 12-135, a case addressing the same general issue in this case – namely, when are class action claims arbitrable. The Supreme Court is set to hear oral argument on March 25th and, if past practices hold true to form, will likely issue a ruling a few months later before the current term ends. Respondent Rebecca Talley opposes the motion, arguing that the Court's ruling will not affect the issues raised in her three fully-briefed motions. *See* Dkt. # 14 (Respondent's Motion To Sanction Brian E. McGovern); # 15 (Respondent's Motion to Strike and Dismiss); # 23 (Respondent's Alternative Motion To Dismiss). For example, she asserts that the ruling will not affect her argument that this Court lacks jurisdiction.

This Court has inherent power to stay a case as part of its general power to control its docket while keeping in mind the "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Itex, Inc. v. Mount Vernon Mills, Inc.*, 2010 WL 3655990, *2 (N.D. Ill. Sept. 9, 2010). In considering stay motions, courts typically look at three factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharmaceutical Products, Inc. v. Atrix Labs., Inc.*, 2004 WL 422697, * 1 (N.D. Ill. March 3, 2004).

In considering and balancing these factors, we find that a stay is justified. The central issue since the beginning of this arbitration has been whether respondent's class claims were arbitrable. Resolution of this issue could dramatically alter the scope of the arbitration from a single claimant, Ms. Talley, to one involving a class of 700 or more WCM customers. It is fair to say that a single-person arbitration would greatly simplify the issues and reduce the burden on the parties, the arbitrator, and this Court. It is possible, as Talley points out, that some of her arguments for dismissal, such as her argument that we must defer to the earlier ruling of the Missouri court, may not be changed by the Court's anticipated ruling in *Oxford Health*. *See* Dkt.

**STATEMENT**

# 23 at 1. But this depends on how the Court rules. It is possible that the Court, in addition to clarifying what evidence is needed to show an intent to arbitrate class claims, will also provide guidance on questions about when during the arbitral process a party may go to court to challenge the class certification rulings. We note that in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010), both the majority and dissenting opinions raised questions about this very issue, and there was no clear answer on whether a party must wait until the end of the arbitration to challenge in court the class determination ruling. *See id.* at 1767 n.2 and at 1777-78. The delay should be relatively minimal because, if the Court follows past practice, it will issue a ruling by the end of June. For all these reasons, the motion for a stay is granted.

Although we find it advisable to wait for the *Oxford Health* ruling before addressing the pending motion to dismiss (Dkt. # 23), we can simplify matters in advance by addressing respondent's other two motions. They are both motions for sanctions. First, Respondent filed a motion to strike and dismiss the complaint (Dkt. # 15) because WCM had failed to designate local counsel as required by Local Rule 83.15. Shortly after the motion was filed, WCM did designate local counsel and then argued that there was no prejudice. We agree. This relatively minor failure is not a sufficient basis to dismiss the complaint. Second, Respondent filed a motion for sanctions, pursuant to Rule 11, against opposing counsel for filing this case. (Dkt. # 14.) The parties briefed this motion, which raises many of the same arguments on the merits that are also raised in respondent's later-filed alternative motion to dismiss. We have reviewed the briefs and are not persuaded at this point that sanctions are justified because WCM has cited to case law and has made good faith arguments in support of its positions. The litigation over sanctions would, in this Court's view, be counter-productive and distract the Court from focusing on the merits of the case. For these reasons, the motion for sanctions is denied. However, to the extent that the parties have raised arguments in those motions that relate to the merits of the still-pending alternative motion to dismiss, the Court will still review and consider those arguments when it issues its ruling on that motion. The parties should notify the Court when the Supreme Court has issued its ruling in *Oxford Health* and should indicate at that time whether they believe supplemental briefing would be warranted.